UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AZIZ SALAAM,

                    Plaintiff,

          -against-

TIMOTHY MORGAN, G.I.T.S., Corcraft
Industries Fishkill Correctional Facility;
MAURICE PEIRSMA, I.T.S., Corcraft
Industries Fishkill Correctional Facility,

                    Defendants.

19-CV-11121 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights.[1] By order dated December 19, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Plaintiff currently resides in Jamaica, New York, but brings this action in regard to events that occurred while he was incarcerated at Fishkill Correctional Facility.

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Aziz Salaam brings this action regarding events that occurred when he was incarcerated at the Fishkill Correctional Facility. While incarcerated, Plaintiff worked at the Corcraft Metal Fabrication Industry, a division of the New York State Department of Corrections and Community Supervision ("DOCCS") that employs inmates in the state's correctional

facilities. He sues Timothy Morgan and Maurice Peirsma, both Civilian Corcraft Industries Training Supervisors at Fishkill's Metal Fabrication Industry.

The following allegations are taken from the complaint: Plaintiff was prescribed psychotropic mental health medications that occasionally caused him to "nod off" when sitting down. (ECF No. 2, at 4.) In June 2019, while at work, Plaintiff went to use the bathroom and fell asleep while sitting in a bathroom stall. He does not know how long he had been sleeping on the toilet. When he awoke, Timothy Morgan's face was "under the bathroom stall door" and Morgan was demanding to see what was in Plaintiff's hand. (*Id.*) Plaintiff was "shocked and appalled and afraid to move." (*Id.*)

Later that day, Plaintiff was "summoned to the Corcraft civilian office and [was] told to sign a paper or be written up for sleeping on the toilet." (*Id.*) Plaintiff alleges that the paper he signed, referred to as a Counsel and Reprimand form, was written by Maurice Peirsma "under the instructions of Timothy Morgan." (*Id.* at 4-5.) The form was placed in Plaintiff's Corcraft work file.

For months after that incident, Morgan repeatedly made comments that Plaintiff was "probably on the toilet sleeping again." (*Id.* at 5.) Plaintiff asserts that, as a result, he became "fearful of [his] safety to complain." (*Id.*)

Plaintiff also discontinued the psychotropic medication he was talking for a mental health condition because he was afraid that he might fall asleep on the toilet again "and feared having the repeat offense happen again." (*Id.* at 5-6.) He alleges that "[e]veryone knew" that he took mental health medication that made him drowsy at work, but "no one ever spoke to [him] or made any corrective suggestions to help [him] remedy this matter." (*Id.* at 6.)

Plaintiff seeks declarative and injunctive relief, as well as money damages.

**DISCUSSION**

The Court construes the complaint as asserting claims under 42 U.S.C. § 1983 that Defendants violated Plaintiff's rights under the Eighth and Fourteenth Amendments. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

A.     **Sexual Harassment and Abuse**

 Verbal abuse, threats, and intimidation standing alone, without injury or damage, do not amount to a constitutional deprivation. *See Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (name-calling without "any appreciable injury" is not a constitutional violation); *Jones v. Harris*, 665 F. Supp. 2d 384, 396 (S.D.N.Y. 2009) ("It is well-settled that verbal harassment by a corrections officer, inexcusable though it be, does not rise to the level of a constitutional violation."); *Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) (noting that "verbal harassment or profanity alone, 'unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983").

Although the Second Circuit has recognized that the "sexual abuse of a prisoner by a corrections officer may violate" the Constitution, *Boddie v. Schnieder*, 105 F.3d 857, 860-61 (2d Cir. 1997); *see also Crawford v. Cuomo*, 796 F.3d 252, 260 (2d Cir. 2015), allegations that a correction officer threatened sexual assault or harassed an inmate, but did not initiate physical contact, fail to state a cognizable claim under § 1983. *See Jones v. Rock*, No.12–CV–0447, 2013 WL 4804500, at *19, n.10 (N.D.N.Y. Sept. 6, 2013) (stating that allegations that the defendant threatened sexual assault, without allegations of actual abuse, failed to state a cognizable claim under § 1983); *Vaughn v. Strickland*, ECF 1:12-CV-2696, 20, 2013 WL 3481413, at *3

(S.D.N.Y. Jul. 11, 2013) (noting that courts are reluctant to find an Eighth Amendment violation "[e]ven where inmates allege aggressive or inappropriate behavior during strip searches"); *Vogelfang v. Capra*, 889 F. Supp. 2d 489, 508 (S.D.N.Y. 2012) (noting that the court "found no case in which a plaintiff had established an actionable claim of sexual harassment under *Boddie* without having physical contact with the alleged perpetrator"); *Montero v. Crusie*, 153 F. Supp. 2d 368, 376 (S.D.N.Y. 2001) ("Verbal threats or harassment, unless accompanied by physical force or the present ability to effectuate the threat, are not actionable under § 1983.").

While the creation of a significant risk of serious harm violates the constitution "whether or not an attack actually occurs," *Montero*, 153 F. Supp. 2d at 377, vague or generalized allegations that a prisoner fears assault, without any plausible factual basis for concluding that a substantial risk of harm exists, are insufficient to state a claim. *See Dawes v. Walker*, 239 F.3d 489, 494 (2d Cir. 2001) (affirming dismissal of Eighth Amendment claim based on officer's attempt to incite inmates to attack plaintiff where complaint was devoid of factual allegations showing that plaintiff actually faced serious threat); *Best v. City of New York*, No. 11-CV-4475, 2012 WL 5458054, at *7 (S.D.N.Y. Nov. 8, 2012) ("Fear of assault, by itself, does not constitute a 'sufficiently serious' injury sufficient to state a claim for failure to protect").

Plaintiff's description of Defendants' actions does not state a claim for a constitutional violation. As Plaintiff does not allege that Defendants' actions involved any inappropriate physical contact or that Defendants inflicted or caused him physical harm or that he actually faced a serious threat of harm, he fails to state a claim under § 1983. Plaintiff is granted leave to amend his complaint to allege facts, should any exist, suggesting that Defendants had any inappropriate contact with him or exposed him to a significant risk of harm.

**B.      Inadequate Medical Care**

The Court construes Plaintiff's allegations as also asserting a claim of inadequate medical care. To state a § 1983 claim for inadequate medical care under the Eighth Amendment, a plaintiff must allege facts showing that correction officials were deliberately indifferent to the plaintiff's serious medical condition. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Caiozzo v. Koreman*, 581 F.3d 63, 69-72 (2d Cir. 2009).

Deliberate indifference to a prisoner's medical need is evaluated under a two-pronged test comprised of both objective and subjective components. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). The objective component of this standard requires that the alleged medical need be a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)); *see also Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (noting that standard contemplates "a condition of urgency, one that may produce death, degeneration, or extreme pain"). The subjective component requires a prisoner to show that the defendant officials acted with a "sufficiently culpable state of mind" in depriving him of adequate medical treatment. *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (citing *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006)). That is, a plaintiff must show that the defendants knew of and disregarded an excessive risk to the inmate's health or safety by failing to take reasonable measures to avoid the harm. *Caiozzo*, 581 F.3d at 69. A challenge based on the inadvertent or negligent failure to provide adequate care does not raise a constitutional claim under the Eighth Amendment. *See Estelle*, 429 U.S. at 106; *Chance*, 143 F.3d at 703.

Plaintiff alleges that he stopped taking his psychotropic medication without knowing the adverse side effects because he feared what might happen if he fell asleep on the toilet again. He

further alleges that "[e]veryone knew" that he took mental health medication that made him drowsy while at work, and "no one ever spoke to [him] or made any corrective suggestions" to help him treat his mental health condition without risking further incidents at work. (ECF No. 2, at 6.)

But Plaintiff does not allege facts suggesting that his underlying mental health condition is sufficiently serious that failure to treat it could result in significant injury or the unnecessary or wanton infliction of pain. Nor does he allege facts suggesting that any Defendant knew of and disregarded an excessive risk to his health or safety in failing to take reasonable measures to treat his medical condition. Plaintiff has therefore failed to state a claim for deliberate indifference to a serious medical need. 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because it is not clear that amendment would be futile, the Court grants Plaintiff sixty days' leave to amend his complaint to detail his claims.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. To the greatest extent possible, Plaintiff's amended complaint should allege facts indicating that

Defendants had inappropriate contact with him, caused him physical harm, or exposed him to a significant risk of harm. The amended complaint should also name as Defendants any person(s) that Plaintiff alleges was deliberately indifferent to his medical needs. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-11121 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    January 24, 2020
          New York, New York

_____
          COLLEEN McMAHON
          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

                    -against-

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:   ☐ Yes      ☐ No

                    (check one)

___ Civ. _____ (    )

**I.**     **Parties in this complaint:**

A.     List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's     Name_____
                ID#_____
                Current Institution_____
                Address_____
                _____

B.     List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1     Name _____ Shield #_____
                     Where Currently Employed _____
                     Address _____
                     _____

Defendant No. 2    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 3    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Who did
what?

Defendant No. 4    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 5    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.    Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.    Where in the institution did the events giving rise to your claim(s) occur?

_____

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.    Facts:_____

What
happened
to you?

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.        Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____     No _____     Do Not Know _____

C.        Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____     No _____     Do Not Know _____

        If YES, which claim(s)?
        _____

D.        Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____     No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____     No _____

E.        If you did file a grievance, about the events described in this complaint, where did you file the grievance?
        _____

        1.        Which claim(s) in this complaint did you grieve?
         _____

         _____

        2.        What was the result, if any?
         _____

         _____

        3.        What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
        _____
        _____
        _____
        _____

F.        If you did not file a grievance:

        1.        If there are any reasons why you did not file a grievance, state them here:
         _____
         _____
         _____

_____
_____
_____

    2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____
_____

**VI.    Previous lawsuits:**

On these claims

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

3.    Docket or Index number _____

4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

On other claims

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____     No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

3.    Docket or Index number _____

4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.	Is the case still pending?  Yes _____	No _____
	If NO, give the approximate date of disposition_____

7.	What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
	_____
	_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.


                    Signature of Plaintiff	_____

                    Inmate Number	_____

                    Institution Address	_____

                                    	_____

                                    	_____

                                    	_____


<u>Note</u>:	All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.


I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.


                    Signature of Plaintiff:	_____