UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AZIZ SALAAM,

              Plaintiff,

-against-

TIMOTHY MORGAN, G.I.T.S., Corcraft
Industries Fishkill Correctional Facility;
MAURICE PEIRSMA, I.T.S., Corcraft
Industries Fishkill Correctional Facility,

              Defendants.

19-CV-11121 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint alleging that Defendants violated his rights. By order dated January 24, 2020, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on February 7, 2020, and the Court has reviewed it. The Court dismisses the action for the reasons set forth below.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings this action regarding events that occurred when he was incarcerated in the Fishkill Correctional Facility and working at the Corcraft Metal Fabrication Industry, a division of the New York State Department of Corrections and Community Supervision that employs inmates in the state's correctional facilities. He sues Timothy Morgan and Maurice Peirsma, both civilian Corcraft Industries Training Supervisors at Fishkill's Metal Fabrication Industry.

Plaintiff's amended complaint, in its entirety, alleges the following:

> I was working in the Corcraft Industry metal shop and was using the [b]athroom, due to mental health meds, I nodded off on the toilet, when I was startled away [sic] by Tim Morgans [sic] face saying what are you holding in your hand, and I was so startled that I showed him that I was holding my penis in my hand so that it would not touch the water or feces in the toilet[.] [H]e accused me of sleeping and playing with myself!

(ECF No. 5, at 2-3.)

Plaintiff asserts that the incident has left him "emotionally destroyed and embarrassed" and that he "feared for his safety of being put in solitary confinement." (*Id.* at 3.)

He seeks $5,000,000 in damages.

## DISCUSSION

Plaintiff's amended complaint fails to remedy the deficiencies identified by the Court in its January 24, 2020 order to amend. (*See* ECF No. 4, at 4-7.) The amended complaint fails to allege that Defendants' actions involved any inappropriate physical contact or that Defendants inflicted or caused Plaintiff physical harm or that he actually faced a serious threat of harm. The amended complaint also fails to allege facts suggesting that any Defendant demonstrated deliberate indifference to Plaintiff's serious medical needs. The Court therefore dismisses the amended complaint for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 6, 2020
New York, New York

COLLEEN McMAHON
Chief United States District Judge